IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RUTH M. WADE,

    Plaintiff,

v.                                  CASE NO. 4:06-cv-00425-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying Plaintiff's application for Social Security benefits be reversed, and this case remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Friday, June 22, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made. In this instance, however, no objections to the Report and Recommendation have been filed.

The Magistrate's Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The Administrative Law Judge ("ALJ") concluded that because Plaintiff could still do her past relevant work as a registered nurse supervisor, she was

not disabled under the Social Security Act.  Plaintiff argues that the ALJ erred by not providing the required narrative discussion showing how the evidence supported his findings.  Because of this, Plaintiff argues that record shows that the ALJ's decision is not supported by substantial evidence and must be reversed.

While the ALJ stated that he considered Plaintiff's subjective complaints of pain, he did not explain to what extent he accepted Plaintiff's testimony as "consistent with objective medical evidence or other evidence."  The ALJ also did not address the weight to be given the opinion of Dr. Miniat, and did not try to reconcile Dr. Miniat's opinion with the findings of Dr. Oksanen.  As the Magistrate points out, an ALJ is required to provide a narrative discussion in determining the weight accounted a treating physician's opinion or the credibility of a claimant.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).  Because the ALJ did not provide a narrative discussion of the evidence in explaining his findings, the Court agrees with the Magistrate that the Commissioner's decision denying Plaintiff's application for Social Security benefits must be reversed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 18, is adopted and incorporated by reference in this order;

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security for rehearing pursuant to sentence four of 42 U.S.C. § 405(g);

3. If on remand Plaintiff is awarded past-due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits;

Case 4:06-cv-00425-MP-WCS   Document 19   Filed 07/25/07   Page 3 of 3

*Page 3 of 3*

4. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *25th* day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge